Arthur Lee JONES, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 76–1975

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 27, 1976.

Sally Ray, Staff Counsel for Inmates, Texas Dept. of Corrections, Huntsville, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Marianne Wesson Cantrick, Joe B. Dibrell, Merrill Finnell, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Petitioner, a Texas prisoner convicted of murder, appeals from the district court's denial of his application for writ of habeas corpus. He claims a denial of due process from the conduct of the state trial judge in receiving the jury's verdict.

With his consent, petitioner was tried in the same jury proceeding on charges of both murder and assault with intent to murder. Upon the jury's return from deliberation, the judge read the verdict of not guilty as to the murder charge from the slip signed by the foreman on the line designating that verdict. The judge asked for the jurors who voted for that verdict to raise their hands and commented, "Fine. Thank you."

He then read a not guilty verdict on the assault charge. Apparently from the response to his request for a showing of hands on that verdict, the judge stated, "I take it

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

there is a mistake," and said he assumed there had been an error with respect to the verdict on the murder charge. The judge asked the foreman if there had been any mistake; the foreman replied, "No, both verdicts were unanimous."

The judge then re-read the finding of not guilty on the murder charge to "be certain we understand each other", and the foreman stated that that was not the verdict agreed upon. After the foreman reaffirmed the not guilty verdict on the charge of assault with intent to murder, the judge sent the jury out to be polled again by the foreman on the murder charge. They returned with a verdict of guilty.

It is true that a trial judge's conduct in receiving a jury verdict can be so prejudicial as to constitute a denial of due process to the defendant. *See United States v. Edwards,* 5 Cir. 1972, 469 F.2d 1362; *United States v. Sexton,* 5 Cir. 1972, 456 F.2d 961. However, upon our reading of the record from which the petitioner concedes we can reach a decision, we concur in the magistrate's findings, adopted by the court below, that the judge's "inquiries were solely directed at dispelling confusion in the verdict returned and do not show any inquiry that could be taken to constitute coercion of the jury's verdict."

In response to the judge's inquiry as to error, the foreman maintained that both verdicts had been unanimous. The judge then simply re-read the not guilty verdict on the murder charge, and the foreman responded that this unanimous jury had not reached that verdict. There is simply no reason to believe that the judge's action had the intent or effect of eliciting a change from the jury's original decision, rather than a correct statement of it.

The judgment below is

AFFIRMED.